# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARISTIDE NOUCHET, | ) |
| Plaintiff, | )  Case No. 2:16-cv-00712-GMN-CWH |
| vs. | )  **ORDER** |
| MANDALAY CORPORATION, et al., | ) |
| Defendants. | ) |

Presently before the court is Defendants Mandalay Corporation dba Mandalay Bay Resort and Casino, Sean Dicicco, Susan Wolfla, Shaun Sanders, Ray Sanchez, Jeffrey Davis, and Richard Hoffman's Motion to Strike (ECF No. 22), filed on July 11, 2016. Plaintiff Aristide Nouchet did not file a response.

Defendants move to strike a document titled "Statement to the Court" (ECF No. 21) that Plaintiff filed on June 24, 2016, which consists of various factual allegations against Defendants. Defendants argue that it is unclear whether Plaintiff is attempting to amend his complaint or to make discovery disclosures, but that regardless of the purpose of the document, it is a rogue document that does not comply with the court's rules and therefore must be stricken. Defendants further argue that the allegations in the document are redundant, immaterial, and impertinent.

Under Local Rule 7-2(d), the "failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to granting of the motion." Additionally, Local Rule IA 7-1 requires that "[a]ll communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties. The court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice."

Given that Plaintiff did not respond to the motion and that the document at issue is not styled as a motion, stipulation, or notice, the court will strike the document. To the extent that Plaintiff intended the document to be discovery disclosures, Plaintiff is advised that under Local Rule 26-8, discovery documents must not be filed with the court. Plaintiff further is advised that all future filings must be styled as a motion, stipulation, or notice under Local Rule IA 7-1. Finally, Plaintiff is advised that although the court will liberally construe his filings given that he is not represented by an attorney, he nevertheless is required to follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

IT IS THEREFORE ORDERED that Defendants Mandalay Corporation dba Mandalay Bay Resort and Casino, Sean Dicicco, Susan Wolfla, Shaun Sanders, Ray Sanchez, Jeffrey Davis, and Richard Hoffman's Motion to Strike (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must STRIKE Plaintiff Aristide Nouchet's Statement to the Court (ECF No. 21).

DATED: August 8, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**