UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARISTIDE NOUCHET,  )<br>                                      )<br>             Plaintiff,          )<br>   vs.                              )<br>                                      )<br>MANDALAY CORPORATION, *et al.*,  )<br>                                      )<br>             Defendants.      )<br>                                      ) | Case No.: 2:16-cv-00712-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion for Preliminary Injunction, (ECF No. 15), filed by Plaintiff Aristide Nouchet ("Plaintiff").[1] Defendants Mandalay Corporation, Sean Dicicco, Susan Wofla, Shawn Sanders, Ray Sanchez, Jeffrey Davis, and Richard Hoffmann ("Defendants") filed a Response, (ECF No. 18).[2] Plaintiff did not file a reply.

I.   **LEGAL STANDARD**

Preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).  In general, injunctive relief is an extraordinary remedy that is awarded only upon a clear showing that the moving party is entitled to that relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.  In certain circumstances,

---

[1] In light of Plaintiff's *pro se* status, the Court has liberally construed his filings, holding him to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Defendants also filed a Motion to Strike Plaintiff's Motion for Preliminary Injunction, (ECF No. 19), arguing that Plaintiff's failure to provide a memorandum of points and authorities pursuant to Local Rule 7-2 warrants the Court striking the motion.  However, Local Rule 7-2 merely provides that the failure to support a motion constitutes consent to its "denial."  Accordingly, the Court declines to strike the motion.

"'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).  "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987).

## II.   DISCUSSION

Here, Plaintiff has failed to file any points and authorities in support of his Motion for Preliminary Injunction or address any of the *Winter* factors detailed above. (*See* Pl.'s Mot. for Prelim. Inj., ECF No. 15).  Instead, Plaintiff relies solely on unsupported factual allegations against a number of Mandalay Corporation employees. (*Id.*).  These allegations alone are insufficient to establish the required factors for a preliminary injunction. *See Winter*, 555 U.S. at 20.  Moreover, pursuant to the rules of this Court, "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." D. Nev. R. 7-2(d).  Accordingly, Plaintiff's Motion for Preliminary Injunction is denied.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 15), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike, (ECF No. 19), is **DENIED**.

**DATED** this ___6___ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge