UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARISTIDE NOUCHET,                          )<br>                                                          )<br>                    Plaintiff,             )<br>        vs.                                          )<br>                                                          )<br>MANDALAY CORPORATION, et al.,  )<br>                                                          )<br>                    Defendants.       )<br>                                                          ) | Case No.: 2:16-cv-00712-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Joint Motion to Dismiss, (ECF No. 8), filed by Defendants Sean Dicicco, Susan Wolfla, Shawn Sanders, Ray Sanchez, Jeffrey Davis, and Richard Hoffmann (collectively "the Individual Defendants"). Plaintiff Aristide Nouchet ("Plaintiff")[1] filed a Response, (ECF No. 13), and the Individual Defendants filed a Reply, (ECF No. 16).[2] For the reasons set forth herein, the Individual Defendants' Joint Motion to Dismiss is **GRANTED**.

**I.     BACKGROUND**

This case concerns allegations of employment discrimination by Plaintiff against his employer, Mandalay Bay Resort and Casino ("Mandalay"), and six supervisory employees named in their official capacities. (*See* Compl, ECF No. 1). According to Plaintiff, Mandalay

---

[1] In light of Plaintiff's *pro se* status, the Court has liberally construed his filings, holding him to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Without leave from the Court, Plaintiff filed a surreply, (ECF No. 17), and the Individual Defendants thereafter filed a Motion to Strike, (ECF No. 20). Pursuant to Local Rule 7-2, surreplies are highly discouraged and not permitted without first obtaining leave from the Court. In general, courts only grant surreplies to address new matters raised in a reply to which a party would otherwise be unable to respond. *See Mitchell v. Cox*, 2015 WL 871228, at *9 (D. Nev. Mar. 2, 2015). "Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Here, even if Plaintiff had first requested leave from the Court, the Individual Defendants raised no new matters in their reply that would warrant a surreply. Accordingly, the Court **GRANTS** the Individual Defendants' Motion to Strike Plaintiff's improperly filed surreply.

repeatedly engaged in conduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1) and 2000e-3. (*Id.*). On March 31, 2016, Plaintiff filed his Complaint, asserting claims of race discrimination, retaliation, and hostile work environment. (*Id.*). On May 02, 2016, the Individual Defendants filed the instant motion, arguing that Title VII does not provide for liability against individual employees. (Mot. to Dismiss 2:14–16, ECF No. 8).

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

The Individual Defendants argue that Plaintiff's claims against them should be dismissed because individuals are not subject to liability under Title VII. (Mot. to Dismiss 3:9–11). While the wording of Title VII suggests that agents of employers may be held liable under the statute, the Ninth Circuit has found that the purpose of this wording is merely to "incorporate respondeat superior liability into the statute." *Miller v. Maxwell's Intern, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Thus, it is well settled that defendants may not be sued in their individual capacities under Title VII. *See id.*; *see also Ortez v. Washington Cnty.*, 88 F.3d 804, 808 (9th Cir. 1996).

Plaintiff concedes that Title VII does not permit individual liability, but asserts that this restriction is inapplicable because he sued the Individual Defendants only in their official capacities. (Pl.'s Response 2:31–3:3, ECF No. 13). In the context of a public employer, the Ninth Circuit has found that a plaintiff may recover under Title VII by naming either the supervisory employees as agents of the employer or by naming the employer directly. *Ortez*, 88 F.3d at 808. A number of courts, however, have declined to extend official capacity suits to

cases involving private employers. *See, e.g., Ellibee v. Leonard*, 226 F. App'x 351, 357 (5th Cir. 2007) (stating that employees of private companies "had no official capacities in which they could be sued."); *Beck v. FedEx Ground*, 2007 WL 2028581, at *2 (E.D. Cal. July 10, 2007) ("The concept of 'official and/or agency capacity' makes no sense whatsoever in the context of [private employers]."); *DeRay v. Larson*, 283 F.Supp.2d 706, 709-710 (D. Conn. 2003) ("[I]t is unnecessary to allow a claim against a defendant in his or her official capacity when the entity of which he is an official is capable of being sued directly.").

Even to the extent such official capacity suits are permissible, these claims may also be dismissed as unnecessarily repetitive. *Hall v. High Desert Recycling, Inc.*, 2011 WL 2600483, at *2 (D. Nev. June 29, 2011) ("[O]fficial capacity claims under Title VII are duplicative where the plaintiff has also brought a Title VII claim against the alleged employer.") (citing *Cooke-Seals v. D.C.*, 973 F. Supp. 184, 187 (D.D.C. 1997)); *see also Ctr. For Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (finding that when both an officer and entity are named, and the officer is only named in an official capacity, "the court may dismiss the officer as a redundant defendant."); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (applying the respondeat superior theory under *Miller* and affirming the order to dismiss employee in his official capacity where employer was also joined).

Here, Plaintiff's claims against the Individual Defendants in their official capacities are the functional equivalent of his claims against Mandalay. Thus, these claims are duplicative and an inefficient use of judicial resources. *See Cooke-Seals*, 973 F. Supp at 187. As Plaintiff's employer remains a defendant in this case, Plaintiff suffers no prejudice by the Court dismissing his official capacity claims against the Individual Defendants. Accordingly, the Court grants the Individual Defendants' Joint Motion to Dismiss.

/ / /

/ / /

IV. <u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that the Individual Defendants' Joint Motion to Dismiss, (ECF No. 8), is **GRANTED with prejudice**.

**IT IS FURTHER ORDERED** that the Individual Defendants' Motion to Strike, (ECF No. 20), is **GRANTED**.

**DATED** this \_\_14\_\_ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge