Lisa A. McClane
Nevada Bar # 10139
Mahna Pourshaban
Nevada Bar # 13743
**JACKSON LEWIS P.C.**
3800 Howard Hughes Pkwy, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461
lisa.mcclane@jacksonlewis.com
mahna.pourshaban@jacksonlewis.com

*Attorneys for Defendant*
*Mandalay Corp. dba Mandalay Bay*
*Resort and Casino*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARISTIDE NOUCHET, | Case No. 2:16-cv-00712-GMN-CWH |
| Plaintiff, | |
| vs. | |
| MANDALAY CORPORATION d/b/a, MANDALAY BAY RESORT AND CASINO, | **MOTION TO EXTEND DISCOVERY** (Second Request) |
| Defendant. | |

Defendant Mandalay Corp. dba Mandalay Bay Resort and Casino ("Mandalay Bay" or "Defendant"), by and through its undersigned counsel, hereby moves to extend the close of discovery an additional thirty (30) days in this matter. This Motion is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any argument that the Court deems proper.

Dated this 26th day of April, 2016.        JACKSON LEWIS P.C.

*/s/ Lisa A. McClane*
Lisa A, McClane, Bar No. 10139
Mahna Pourshaban, Bar No. 13743
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169

*Attorneys for Defendant Mandalay Corp.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   LEGAL ARGUMENT

#### A.  Standard for Extending Discovery.

Pursuant to Fed.R.Civ.P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed.R.Civ.P. 16(b). In *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992), the court explained,

> ... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) ... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D.Ca1.1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va.1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply . . . ." *Jackson*, 186 F.R.D. at 608.  As set forth below, Defendant has been diligent in its efforts to comply with the scheduling order and but for the unexpected medical leave of absence would have been able to meet the deadline.

#### B.  Requirements pursuant to LR 26-4.

##### 1.  *Discovery Completed/Propounded to Date by Nouchet:*

- Responses to Interrogatories from Mandalay Bay
- Response to Production Request from Mandalay Bay
- First Production Requests to Mandalay Bay
- Second Production Requests to Mandalay Bay
- First Production Requests to Individual Defendants
- First Set of Interrogatories to Mandalay Bay
- First Set of Interrogatories to Defendant Ray Sanchez

- Second Production Requests to Defendant Ray Sanchez
- First Set of Interrogatories to Defendant Shaun Sanders
- Second Production Requests to Defendant Shaun Sanders
- First Set of Interrogatories to Defendant Richard Hoffmann
- Second Production Requests to Defendant Richard Hoffmann
- First Set of Interrogatories to Defendant Jeffrey Davis
- First Set of Interrogatories to Defendant Susan Wolfla
- First Set of Requests for Admission to Mandalay Bay
- First Set of Requests for Admission to Ray Sanchez
- First Set of Requests for Admission to Jeffrey Davis
- Second Set of Requests for Production to Mandalay Bay
- Second Set of Requests for Admission to Mandalay Bay
- Plaintiff's First Response to Defendant's Request for Production
- Plaintiff's Answers to Defendant's First Set of Interrogatories

**2. *Discovery Completed/Propounded to Date by Defendants:***

- Initial Disclosures
- Interrogatories
- Production Requests
- Mandalay Bay's Responses to Production Requests
- Mandalay Bay's Answers to Interrogatories
- Mandalay Bay's Responses to Requests for Admission
- Ray Sanchez' Responses to Production Requests from Nouchet
- Ray Sanchez' Answers to Interrogatories
- Ray Sanchez' Answers to Request for Production
- Shawn Sanders' Responses to Production Requests from Nouchet
- Shawn Sanders' Answers to Interrogatories
- Shawn Sanders' Answers to Request for Production
- Jeffrey Davis' Responses to First Set of Answers to Interrogatories

- Jeffrey Davis' Responses to Request for Admission

- Richard Hoffman's Responses to Request for Admission

- Richard Hoffan's Response to Requests for Production

- Susan Wolfla's Responses to Plaintiff's First Set of Interrogatories

- First Supplemental Disclosures

- Second Supplemental Disclosures

- Third Supplemental Disclosures

- Two Freedom of Information Act (FOIA) requests to the Equal Employment Opportunity Commission

- Subpoena to Nevada Equal Rights Commission

- Subpoena to NV Yellow Cab

- Subpoena Dr. DeLeon

- Subpoena Procare Med

- Subpoena Active Health Chiropractic

- Subpoena to St. Rose

### 3. *Discovery that Remains to be Completed*

Plaintiff recently propounded his second set of requests for admission and a second set of requests for production. Defendant is currently preparing responses to Plaintiff's second sets of admission and requests for production. Plaintiff also filed a motion to compel unredacted discovery responses (ECF No. 50) which Defendant is currently in the process of opposing. Defendant also scheduled Plaintiff's deposition to take place prior the close of discovery on May 3, 2017. However, while Defendant's counsel was on medical leave, she received an order to participate in an Early Neutral Evaluation ("ENE") in another matter on the same day (May 3, 2017). Defendant's counsel did no return from medical leave until after the deadline to request an extension for the ENE had already passed. As such, Defendant's counsel has a scheduling conflict and a rapidly approaching discovery deadline.

### 4. Reasons why Discovery was not Timely Completed

As demonstrated above, significant discovery has been completed in this matter. The parties have been diligent and progress has been made in conducting discovery. However, Defendant's counsel suffered unexpected medical issues requiring surgery and leaves of absence. Defendant's counsel's medical issues have been resolved and no further delay is anticipated.

### 5. Proposed Schedule for Completing Discovery

Defendant proposes extending the discovery deadlines as follows:

| Discovery Action | Current Date | Proposed Date |
|---|---|---|
| Close of Discovery | May 17, 2017 | June 16, 2017 |
| Dispositive Motions | June 17, 2017 | July 17, 2017 |
| Pre-Trial Order | July 31, 2017 | August 30, 2017[1] |

## II.  CONCLUSION

For each and all of the reasons stated above, Defendant respectfully requests the Court grant Defendant's Motion to Extend Discovery.

Dated this 26th day of April, 2017.          JACKSON LEWIS P.C.

IT IS SO ORDERED.

DATED:  April 28, 2017

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

/s/ Lisa A. McClane
Lisa A, McClane, Bar No. 10139
Mahna Pourshaban, Bar No. 13743
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169

*Attorneys for Defendant*
*Mandalay Corp. dba Mandalay Bay*
*Resort and Casino,*

---

[1]      In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after decision on the dispositive motions or by further order of the Court.

Jackson Lewis P.C.
Las Vegas

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Jackson Lewis P.C. and that on this 26th day of April, 2017, I caused to be served a true and correct copy of the above and foregoing **DEFENDANT'S MOTION TO EXTEND DISCOVERY** via United States Mail, postage prepaid, properly addressed to the following:

Aristide Nouchet
9925 West Russell Road
Unit 2107
Las Vegas, Nevada 89148

*Pro Se Plaintiff*

*/s/ Lisa A. McClane*
Employee of Jackson Lewis P.C.